## H. R. SELDEN *vs.* PRINGLE.

By a written agreement between S. and L., dated August 23, 1844, S. sold to L. the one equal undivided half of a certain machine for making lead pipe by hydrostatic pressure, together with the steam engine, boiler, &c.; and also one half of the patent to be obtained for the said machine. For which L. agreed to pay the sum of $4000, as follows: $1500 to be secured by a good approved indorsed note, payable in fifteen months with interest, and $2500 and interest in bonds and mortgages. The agreement was upon these conditions: 1. That in case the application then about to be made for a patent for the said machine, including the process for tinning the pipe, should fail, and no patent should be obtained, securing to L. the right to use the machine as then constructed; or 2. That if a suit then pending in favor of T. against the said S. and others should be finally determined against the defendants therein, then the said bargain and sale should be void. L. was to pay the expense of the application, and the patent was to be taken out in his name, and for his benefit, but no time was specified in which it was to be obtained. *Held*, that neither of the conditions were conditions precedent to the payment of a note for $1500 given by L. in pursuance of the contract.

And it appearing that a patent had been obtained, on the application of L., dated March 12, 1845, which was granted to L. as the assignee of S. and others, the inventors, and gave him the exclusive right of making, using and vending, &c. a certain " improvement in the machinery used in the manufacture of lead pipe and in effecting the tinning thereof internally," it was *further held*, that until the contrary appeared it was to be presumed that this was the patent contemplated by the contract; and that the condition was therefore to be deemed fulfilled.

*Held also*, that if the suit brought by T. had been determined, that was an affirmative fact, which the defendant in a suit upon the $1500 note was bound to show; and that in the absence of any evidence the presumption was that it had not been determined, or that the determination was such as not to be of any service to such defendant.

There are no precise technical words required to make a stipulation precedent or subsequent. The same words may operate as either the one or the other, according to the nature of the transaction, and as evincing the intention of the parties. They are to be construed either precedent or subsequent according to such intention, to be collected from the instrument.

The fact that a plaintiff has not the actual possession of the note sued on does not affect his right to recover upon it. It is sufficient if he has the right to the money due upon it, although the instrument has been deposited with a third person in pursuance of an agreement between the parties.

THIS action was commenced by the plaintiff, as indorsee and holder, against the defendant, as second indorser of a promissory

note, dated August 23, 1844, made by Robert W. Lowber, payable to John Lowber or order, fifteen months after date, with interest, at the Bank of Genesee, for fifteen hundred dollars, indorsed by John Lowber and the defendant. The defendant's answer was a general denial of all the allegations of the complaint.

Upon the trial, at the Monroe circuit, in July, 1852, held by Mr. Justice Pratt, before the court without a jury, the following facts appeared. It was proved that the promissory note in question was in the possession of Heman J. Redfield, a witness, who produced it; also, that the signatures of the parties to it were genuine; also, that the said Redfield received and still held the note, under the provisions of a contract in his possession, signed and sealed by Samuel L. Selden and Robert W. Lowber; and, that at the time he received it, he gave a receipt, of which a duplicate was indorsed on the contract. The contract being produced by said Redfield, the same, with the indorsement thereon, was read in evidence, and is in the words and figures following: "This agreement, made this 23d day of August, 1844, between Samuel L. Selden of the one part, and Robert W. Lowber of the other part, witnesseth: That the said Selden hath bargained and sold, and does hereby bargain and sell to said Lowber, the one equal undivided half of a certain machine for making lead pipe by hydrostatic pressure, together with the one half of the steam engine boiler, and all other apparatus connected with the said machine or with the business of manufacturing pipe therewith. Also one half of the patent to be obtained for the said machine, and for tinning the pipe manufactured thereby. That the said Lowber has agreed, and does hereby agree, to pay for the property above mentioned the sum of four thousand dollars and interest from the date hereof, in manner following, to wit: fifteen hundred dollars to be secured by a good approved indorsed note, payable in fifteen months from this date with interest, and the remaining twenty-five hundred dollars and interest to be paid in good bonds and mortgages, well secured, that shall be prior incumbrances to all others, and payable in less than five years from the date hereof. Provided, however,

that this agreement is upon the conditions following, to wit: That in case the application about to be made for a patent for the said machine, including the process for tinning the pipe, shall fail, and no patent shall be obtained for the same, securing to said Lowber the right to use the machine as now constructed, or if the suit now pending in the circuit court of the United States for the southern district of New-York, in favor of the Messrs. Tatham against the said Selden and others, shall finally be determined against the defendants therein, then the aforesaid bargain and sale shall be null and void. The securities for the purchase money of four thousand dollars aforesaid to be deposited in the hands of Heman J. Redfield, Esquire, of Batavia, subject to the provisions of this agreement; and to be delivered by him to the said Selden whenever by the terms of this instrument he shall become entitled to the same, or to be returned to the said Lowber in case the said contract of sale as herein set forth shall ultimately fail. And the said Lowber further agrees to assume and pay all liabilities now existing against the pipe manufacturing establishment in New-York, at 221 West-street, which have been incurred since the first day of March last, including all responsibilities which have been in any way incurred or assumed for the purpose of carrying on the business of manufacturing pipe with the aforesaid machine since the time last mentioned, in the same manner and to the same extent as if the business had since that time been carried on for his own individual benefit and on his separate account, he the said Lowber also to be entitled to all the avails of his business during the time. The said Lowber also to have the privilege of continuing the business of manufacturing pipe with the said machine, at his own discretion, and at his own risk, cost and expense, and for his own exclusive benefit, until the aforesaid suit shall be finally decided. Provided, however, that if the said suit shall be finally decided against the defendants therein, within six months from the date hereof by the court of last resort, then the business is to be deemed to have been conducted up to that time upon the joint account and for the joint benefit of said Lowber and Selden, and they are to share equally in the profits or losses of the

concern; it being understood that in case the said suit is not finally decided as aforesaid within the said six months, then all necessary repairs or additions to the machinery or apparatus of the pipe manufacturing establishment, which shall be made before the ultimate decision of the suit shall be at the sole expense of the said Lowber. The said Lowber agrees to pay the expenses of procuring the aforesaid patent for the said machine; and also all costs and expenses incurred or to be incurred in and about the defense of the aforesaid suit brought by the Messrs. Tatham against the said Selden and others, and of all suits growing out of the same or connected therewith, including all necessary and proper counsel fees, until the questions involved in said suit shall be finally decided by the court of last resort, except that it is understood that the said Selden is to aid and assist in conducting said litigation without any charge for counsel fees. It is also understood that said Selden is to control as to the manner of conducting the suits, and is to use all due diligence to bring the same to a conclusion. It is further understood that the said Lowber, in consideration of the provisions of this contract, has agreed, and he does hereby agree, to compromise and settle all differences and misunderstandings between himself and Freeman Clark of Albion, concerning the sale by said Clark to him of one half of the said machine, &c., and he agrees to pay, without resistance or recourse, the notes given by him to said Clark on said sale, and in all respects to hold the purchase so made by him from said Clark as valid: Provided, however, that in case the suit above mentioned in favor of the Messrs. Tatham shall be ultimately decided against the defendants therein, or in case the patent to be obtained shall not authorize the use of the said machine in making pipe according to the specifications thereof accompanying the application for a patent, then the matter between the said Lowber and Freeman Clark is to be and remain as it would have been if this contract had not been made. In witness whereof, we have hereunto set our hands and seals the day and year first above written.

SAM'L L. SELDEN.    [L. S.]

ROBERT W. LOWBER. [L. S.]

Selden *v.* Pringle.

"It is further agreed as a part of the above contract that the patent shall be taken in the name of said Lowber alone, and that in case the aforesaid suit shall be decided in favor of the said Tathams, the said Lowber is to convey the one half of the said patent to said Selden unincumbered, and with the title unimpaired by any act of said Lowber. The said Lowber is to have four months from this date, to deposit the bonds and mortgages above mentioned in the hands of Mr. Redfield. Dated August 23d, 1844.

SAM'L L. SELDEN.    [L. S.]<br>ROBERT W. LOWBER.    [L. S.]"

"Received, Batavia, September 2d, 1844, a note of $1500, dated August 23d, 1844, made and signed by Robert W. Lowber, and payable to John Lowber at fifteen months from date with interest, at the Bank of Genesee, and indorsed by John Lowber and B. Pringle, which note is deposited with me with a copy of this contract, to be held according to the conditions within specified.             H. J. REDFIELD."

It was also proved that on the 26th day of November, 1845, Redfield presented the note at the Bank of Genesee for payment, which being refused, it was by his direction protested and notice duly given to the indorsers: and the note was then read in evidence. It was further proved by Samuel L. Selden that at the time the contract was made, the property therein referred to belonged to the plaintiff, and that the contract was, in part, for the plaintiff's benefit; and that after it had been made and the note deposited with Redfield, the same were assigned by the said Samuel L. Selden to the plaintiff. It was further proved that on the 12th of March, 1845, a patent was issued to said Robert W. Lowber as assignee of Samuel L. Selden, Henry M. Ward and Elisha Y. Kneeland, a copy of which patent and of the description and specifications annexed thereto was annexed to the bill of exceptions ; which are referred to, so far as deemed material, in the opinion of the court. It was also proved that Lowber still held the said patent, and that after it was issued, and before the commencement of the action, he had sold the machine. That he used the machine in

the manufacture of lead pipe from the date of the contract to February, 1847, when he sold it. It was also proved by Robert W. Lowber, called as a witness by the defendant, that about the 14th or 15th of August, 1844, prior to the making of the contract above mentioned, the witness (Robert W. Lowber) and Samuel L. Selden were together at Washington and left the application for a patent with Mr. Greenough of that place, who was employed by them to procure it. That some time in November following, a new application (for the patent given in evidence) was prepared by Mr. Greenough, and forwarded from Washington to Mr. Lowber at New-York, who forwarded it from there to Samuel L. Selden at Rochester, to be signed and the affidavit sworn to by said Selden and Henry M. Ward and Elisha Y. Kneeland, and with a request that when executed, said Selden would forward it to Mr. Greenough at Washington; which request was complied with by said Selden. That said Lowber received the patent in pursuance of this application, on the 12th of March, 1845, and continued to hold it at the time of the trial. The defendant then asked the witness Lowber if he accepted the patent proved, as a substitute for the one contemplated by the contract. The evidence was objected to by the plaintiff and excluded by the court, and thereupon the defendant excepted. It was then proved that the said Robert W. Lowber, previous to the making of the application for the patent proved, applied to Samuel L. Selden to rescind the contract; and offered to transfer to him the machine, including the one half previously sold to him by Freeman Clark, as mentioned in the contract, upon his paying back the money paid by Lowber to Clark upon such purchase. The defendant then, for the purpose of showing that the patent proved was not taken or accepted by said Lowber as a substitute for the patent contemplated by the contract, offered to prove that at the time of the application to Selden to rescind the contract, Selden represented to Lowber that the machine for making lead pipe was not an infringement of the Messrs. Tatham, and that the patent proved was taken in consequence of such representation. This evidence was objected to by the plaintiff and excluded by the

court, and thereupon the defendant excepted. The defendant then offered to show that, before the commencement of the action, the Messrs. Tatham recovered a judgment for damages in a court of competent jurisdiction, against the said Robert W. Lowber and his vendees, for manufacturing lead pipe with the said machine, upon the ground that it was an infringement of the patent of the Messrs. Tatham for their machine for making lead pipe. This evidence was objected to by the plaintiff and excluded by the court, and thereupon the defendant excepted.

The defendant by his counsel then insisted that the plaintiff was not entitled to recover, and specified the following grounds of objection to a recovery. 1. That the note had never been delivered to the plaintiff. 2. That the plaintiff had never shown any such title to the note as would entitle him to maintain an action thereon. 3. That the plaintiff had not shown that any patent securing or purporting to secure to said Lowber the right to use the said machine as contemplated by the contract had been issued or obtained by or for him, or that said Lowber had accepted the patent proved, as a substitute for the one called for by the contract. 4. That the plaintiff had not shown any determination of the suit mentioned in the contract, in favor of the defendants therein. The court overruled each and every of the said objections, and the defendant thereupon excepted separately to said ruling of the court upon each and every of the said objections.

The court then decided generally as matter of law, upon the facts herein before stated and referred to, that the plaintiff was entitled to recover, and directed judgment to be entered accordingly for the amount due upon the said note; and judgment was thereupon entered for the sum of $2328.38; from which the defendant appealed.

*J. L. Brown*, for the appellant.

*H. R. Selden*, respondent, in person.

Selden *v.* Pringle.

*By the Court,* WELLES, J.   The first position now taken by
the appellant is, that the respondent did not establish upon the
trial any title to the note upon which the action is brought, for
the reason that the obtaining a patent securing the right to use the
machine, and a determination of the suit of *Tathams* v. *Selden
and others,* mentioned in the contract, were conditions precedent
to the vesting of such title, and that neither of these conditions
was shown to have been performed; but that on the contrary it
was proved as a matter of fact, that they were not performed.

By the contract, Samuel L. Selden sold to Robert W. Lowber
the one equal undivided half of a certain machine for making
lead pipe by hydrostatic pressure, together with the steam en-
gine, boiler, and all other apparatus connected with the said ma-
chine or with the business of manufacturing pipe therewith; and
also one half of the patent to be obtained for the said machine;
for which Lowber agreed to pay the sum of $4000, and interest
from the date of the contract, in manner following, to wit: $1500
to be secured by a good approved indorsed note, payable in fif-
teen months, with interest from the date of the contract, and the
remaining $2500 and interest in bonds and mortgages, as in the
contract specified.   Then the conditions upon which the agree-
ment is made to depend are introduced; which are, 1st, that in
case the application then about to be made for a patent for the
said machine, including the process for tinning the pipe, should
fail, and no patent should be obtained for the same, securing to
said Lowber the right to use the machine as then constructed;
or 2d, that if the suit then pending in the circuit court of the U. S.
for the southern district of New-York in favor of the Messrs.
Tatham against the said Selden and others, should be finally de-
termined against the defendants therein : *if either of these events
happen, that is, if the application for the patent should fail, &c.
or if the suit mentioned should be determined against the de-
fendants therein,* then the said bargain and sale should be void.

Were these conditions precedent or subsequent to the pay-
ment of the note?   "By the word *condition,* is usually under-
stood some quality annexed *to real estate,* by virtue of which it
may be defeated, enlarged or created, upon an uncertain event;

also qualities annexed to personal contracts and agreements, are frequently called *conditions*, and these must be interpreted according to the real intention of the parties." (*Bac. Abr., Conditions.*) The learning in the books relates principally to the former kind. Conditions of the latter class rest upon the same general reasoning with those of the former. "Conditions precedent are such as must be punctually performed before the estate can vest; but on a condition subsequent the estate is immediately executed; yet the continuance of the estate depends upon the breach or performance of the condition. (*Bac. Abr. Conditions, I.*) "Where an estate or interest passed or vested immediately in the plaintiff, and was to be defeated by a condition *subsequent* or matter *ex post facto*, whether in the affirmative or negative, or to be performed by the plaintiff or defendant, or by any other person, performance of that matter need not be averred; as, if a grant of an annuity should be till the plaintiff should be advanced to a benefice, he need not say that he is not yet advanced." (1 *Chit. Plead. p.* 310, *Phil. ed. of* 1825. *Id. Springf. ed. of* 1844, *p.* 321.) There are no precise technical words required to make a stipulation precedent or subsequent. The same words may operate as either the one or the other, according to the nature of the transaction and as evincing the intention of the parties. They are to be construed either precedent or subsequent, according to such intention, to be collected from the instrument. (*Hotham* v. *East India Co.,* 1 *T. R.* 638 to 645. *Porter* v. *Sheppard,* 6 *Id.* 665 to 667.)

In view of the foregoing general rules we will examine the conditions of the contract in this case. And first, the one respecting obtaining the patent. In this connection it is important to bear in mind the language of the contract in this respect : it is, " that in case the application about to be made for a patent for said machine, including the process of tinning the pipe, shall fail, and no patent shall be obtained for the same securing to said Lowber the right to use the machine as now constructed," &c. In another place it is provided that Lowber shall pay the expenses of procuring the patent, and in the supplement at the end of the principal contract, it is further provided that the said

patent shall be taken out in the name of Lowber alone, and in case the Tatham suit should be decided against said Selden, then he, Lowber, was bound to convey one half of it to Selden. By the terms of the contract, $1500 of the purchase money of the machine, &c. was to be paid in fifteen months. No time is specified in which the patent is to be obtained. We have no right to assume that it was to be obtained within that period. The application was not yet then made; it was about to be made. Lowber was to pay the expense, and it was to be taken out in his name and for his benefit. He was to be the principal actor. It would depend upon him, when the application would in fact be made, if made at all; and if he refused or neglected to pay the expense, it would never be obtained, unless Selden, or some one else who was under no obligation to do so, should defray such expense. If the application should be made without unnecessary delay, and prosecuted in good faith, and the expenses duly paid, it still might not be obtained in fifteen months. If the application should not be made, or being made should fail, through Lowber's neglect, it would be absurd to say it would work a forfeiture of the plaintiff's claim to recover the purchase money of the machine.

It is strictly correct, therefore, to say that this fifteen hundred dollars was to be paid before the patent was, by the contract, required to be obtained; or, which amounts to the same thing so far as this question is concerned, that there was no obligation resting upon Selden to procure the patent to be obtained before or by the time when the fifteen hundred dollar note would mature. Suppose the contract had required the payment of the fifteen hundred dollars in ten days, with the same conditions in other respects as in fact it contains; in that case it would be next to impossible to obtain a patent on an application thereafter to be made, in the period of ten days; and yet I know of no rule by which to determine whether the condition was precedent or subsequent, which would not apply equally to both cases. One of the rules mentioned by Mr. Chitty on this subject is in the following words: "Where a day was appointed for payment by the defendant, of money or part of it, or for his doing any other

act, and such day.was to happen before the thing which was the consideration of the defendant's contract was to be performed, an action may be brought for the money or for not doing such other act, before performance by the plaintiff." (1 *Ch. Pl.* 313, *Phil. ed. of* 1825.) In *Cunningham* v. *Morrell,* (10 *John. R.* 203,) Kent, Ch. J., in delivering the opinion of the court, says : "It is true that if, by the terms of the contract, the money is to be paid by a day certain, and which is to happen before the performance of the service, or by a day certain, *and there is no day certain for the performance,* the performance is not a condition precedent; and the party may sue for the money without averring or showing performance." This is unquestionably good law, and seems to me to dispose of the question under immediate consideration. I am therefore clearly of the opinion that the contract in relation to obtaining the patent, cannot be regarded as a condition precedent to Selden's right to the money intended to be secured by the note in question.

In the second place, it is equally clear that the provision of the contract respecting the determination of the suit of Tathams against Selden and others, was not a condition precedent. This seems to me too plain to admit of argument. That provision is, that if the suit shall finally be determined against the defendants therein, until the suit is determined, the condition most clearly cannot attach. Most of the foregoing reasoning, upon the other condition, applies with equal force to this. If either . of these conditions had in fact happened before the note became due, no action could be maintained upon it by the plaintiff or Samuel L. Selden, and the provision that Redfield should hold it with the other securities to be delivered to him, was doubtless to prevent their being transferred to a *bona fide* purchaser before maturity.

The fact that the plaintiff has not the actual possession of the note, does not affect his right to recover upon it: It is sufficient if he has the right to the money due upon it. (*Smith* v. *McClure,* 5 *East,* 476. 2 *Saund.* 47, *a. note* (1).)

Even if the condition first mentioned was intended by the parties to be precedent to the payment of the note, the plaintiff

is still, so far as that is concerned, entitled to recover. The case shows that a patent has been obtained on the application of Lowber, which he still holds. It is dated March 12th, 1845, and is granted to him as the assignee of Henry M. Ward, Samuel L. Selden and Elisha Y. Kneeland, the inventors, and grants to him the exclusive right of making, using and vending, &c., a certain improvement, a description whereof is contained in the schedule annexed to the patent and made a part of it, which by reference to the schedule appears to be " a new and useful improvement in the machinery used in the manufacture of lead pipe, and in effecting the tinning thereof internally," &c. The schedule then proceeds with a long and minute description and specification of the said improvement, which, for the purpose of the questions involved in the case, it is not necessary to examine. It is sufficient to remark that until the contrary appears, it is to be presumed that this was the patent contemplated by the contract: Certainly nothing does appear to the contrary, and that condition is therefore to be deemed as being fulfilled. With respect to the other condition, (and the same may be said with regard to both,) it was not a condition upon which the contract should *take effect*, but it was one, upon the happening of which, the contract of sale *should fail*. Unless, therefore, the contract of sale has failed, by reason of the determination of the Tatham suit adversely to the defendants therein, the contract is, of necessity, in force, so far as this condition is concerned; for it does not appear that the suit has been determined in any way. If it has been, it is an affirmative fact which the defendant was bound to show: In the absence of evidence, the presumption is that it has not been determined, or that the determination was such as not to be of any service to the defendant in the present action. So far from the contract of sale having failed, the bill of sale shows that Lowber has received the full benefit of it, and has sold the machine.

It only remains to consider, briefly, the offers of evidence which were overruled at the circuit.

1. The defendant asked Lowber, while on the stand as a witness, if he accepted the patent proved, as a substitute for the one contemplated by the contract. This was objected to, and

excluded by the court.   If I am correct in the conclusion to which I have arrived, that the provision in relation to the patent was not a condition precedent to the payment of the purchase money, it was immaterial for what reason Lowber accepted the patent which was issued, or whether he received it as a substitute for the one contemplated by the contract.   Besides, the question assumed that the patent issued was not such as was contemplated.   Such assumption was unauthorized by any evidence which had been given.   Enough has appeared to raise the presumption that it was such as the contract contemplated, at least enough to estop Lowber from disputing it.   The only question in relation to the patent issued, which in this respect could be material, was whether it was, in point of fact, such as the contract contemplated.   That question could not be affected by showing how or why he received it.   And if it could be thus affected, the offer was not broad enough.   It did not propose to establish any material fact.   An answer to the question must necessarily have been in the affirmative or negative.   If the former, it could not help the defendant.   If the latter, it would have proved nothing, as it would not show why he received the patent.

2.  Lowber's offer to rescind was merely idle.   It was previous to the application for the patent proved, and required S. L. Selden not only to purchase back what he had sold, but also to purchase the other half of the machine, which it does not appear he had ever owned, and to pay Lowber what the latter had paid Freeman Clark for it.   There is not the shadow of a reason to show that Selden was under any obligation to accept such offer, or to rescind the contract in any way.

3.  The offer to prove the representation of Samuel L. Selden, that the machine for making lead pipe was not an infringement upon the patent of the Tathams, and that the patent proved was taken in consequence of such representation, was properly overruled on the plaintiff's objection.   Admitting that such representation was made before the assignment of the contract to the plaintiff, and at a time when the plaintiff could be affected, if at all, by any representations of S. L. Selden, those offered to be proved, and the consequent action of Lowber thereon, instead of

showing that the patent was not received as a substitute for another, would, if proved, have tended to establish that fact, and thus have strengthened the plaintiff's case. The defendant has no right to complain that the evidence was not received. It came entirely short of an offer to prove a fraud.

4. The defendant's offer to prove the recovery of a judgment in favor of the Tathams against Lowber and his vendees, was also properly overruled. It was not a suit between the parties to this action, nor in which either Samuel L. Selden or the plaintiff was a party or privy. On no principle of which I am aware, was the evidence admissible, without giving the party sought to be affected by it, notice of the pendency of the suit, in time to defend it, or an opportunity to furnish the necessary evidence for that purpose.

In my opinion the judgment at the circuit should be affirmed.

Judgment affirmed.

[MONROE GENERAL TERM, March 6, 1854. *Welles, Johnson* and *T. R. Strong,* Justices.]