## SUPREME COURT.

### Lowber agt. Selden, Clark and others.

Where a party, compet nt to judge for himself, enters into a contract, on a speculation—the purchase of a new invention—and gives his promissory notes in consideration, he is not permitted to turn round, after a failure in the speculation, and ask to have the contract rescinded, on the ground of the want of proper and adequate consideration—especially where such party has acquiesced in such contract for a long time, and has paid one of his notes given thereon.

Because an invention, however promising in its inception, has not yielded the expected golden returns, (as is usually the case,) is no reason, in the absence of all fraud or circumvention, why the person entering into the speculation should not, however disagreeable it may be, fulfil the terms of his engagement—especially after that engagement has been fully executed on one side, and partially on the other.

A party asking for the recision of a contract, deliberately entered into, must make his election with all due promptness.

A voluntary payment, deliberately and understandingly made, without fraud or duress, cannot be recovered back.

*New-York Special Term, 1855.*
Motion to dismiss complaint.

—— ——— *for motion.*
—— ——— *opposed.*

Roosevelt, Justice.    The object of this suit is to rescind two contracts—one made on the 30th of April, and the other on the 23d of August, 1844—on the alleged ground of "fraud" and want of "proper and adequate consideration."

The charge of fraud is fully denied, and the attempt to prove it has entirely failed.

As to the question of sufficient consideration, it may be observed, that the transaction, on its face, was a *speculative* one; holding forth, if successful, great hopes of profit, and attended,

Lowber agt. Selden, Clark and others.

in the event of failure, (as is usual in such cases,) with corresponding chances of loss. Its success was not guaranteed, nor were the probabilities of success misrepresented, nor was advantage taken of the weakness of a sanguine, or of the confidence of a credulous mind. There is nothing to show—nor is it even suggested—that the plaintiff was not as competent to judge of the machine he was about purchasing—and I may add, of the machinery of such bargaining—as either or all of the defendants. All that can be said is, that the invention, however promising in its inception, has not, as yet, yielded the expected golden returns. That is no reason, certainly, in the absence of all fraud or circumvention, why the person entering into the speculation should not, however disagreeable it may be, fulfil the terms of his engagement—especially after that engagement has been fully executed on one side, and partially on the other, and acquiesced in, it may be added, on all sides, not for days or months, but for years.

These contracts, it will be remembered, were entered into more than ten years before the trial, and more than six years before the commencement of the plaintiff's suit, and the notes given under the one made with the defendant, Clark, have been actually paid: as to that, at least, the plaintiff should have taken his stand when, if not before, the notes fell due. His knowledge was then sufficient, and he had then had ample opportunity to understand his rights. He made the payment with his will free and his eyes open. A voluntary payment, deliberately and understandingly made, without fraud or duress, cannot be recovered back—and ought not to be—by action either at law or in equity.

On this point the law, and for obvious reasons, is well settled. And it is equally well settled, as a sound rule of equity jurisprudence, that a party asking for the recision of a contract deliberately entered into, must make his election with all due promptness. He must take his stand at once, and at the time. Neither law nor equity permits him to alternate, and see-saw from one side of the fence to the other, speculating upon con-

tingencies to determine which of the two to choose. (3 *Johns. Ch. R.* 23; 17 *Johns. R.* 437.)

One of these contracts—that with the defendant Selden, for the other half of the invention—it is said, is in express terms conditional. It provides, that if the application for a patent should fail, or if the Tatham suit (claiming a prior invention) should be " finally determined against the defendant therein," then the bargain should be void.

Now, either these conditions have been fulfilled, or they have not. If they have been, the plaintiff has no ground of complaint in any form : if they have not, he has a perfect remedy, without a new suit, by way of defence, in the action already pending against him ; and the present litigation is, therefore, in either view, unfounded, or it is unnecessary and vexatious. (*See the case of Selden,* agt. *Pringle,* 17 *Barb.* 458.)

Bill dismissed with costs as to all the defendants.