By the Court,
Boswobth, Ch. J.
—Does the new matter, contained in the answer and which, the defendant at the trial offered to prove, constitute “ a defense or counter-claim ?”
The Code has defined the word; “counter-claim,” as used in section 149. It must be a cause of action “in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action.” Id., section 150. However the claim may arise, which the defendant seeks to enforce, unless it is a cause of action against the plaintiff, it is not a counter-claim. The new matter, which the defendant offered to prove, constituted no cause of action against the plaintiff. It in no way affected him. He was not a party to the contract or transaction sought to be proved, nor did he ever have any connection with it. It is clear, therefore, that it does not constitute a counter-claim. *573 (Vassear v. Livingston, 3 Kern., 248; Gleason v. Moen, 2 Duer R., 639.)
Does it constitute a defense? The Code has not declared what shall constitute a defense. It has provided that, matter which constitutes a partial defense only, if properly stated in an answer, will make the answer sufficient, as a pleading. (McKyring v. Bull, 16 N. Y., 297.) But this affects the mode of procedure only. • Whether new matter, set up in an answer, constitutes a total or partial defense, either at law, or in equity, must be determined by pre-existing law. The Code has not prescribed any new rules as to what will, or will not constitute a defense.
The contract or transaction, sought to be proved, is not, in any way, connected with the plaintiff’s cause of action, nor is it one to which he is directly, or indirectly, a party. If available, to prevent a recovery by the plaintiff upon the notes described in his complaint, it must be so for the reason that, either at law, or in equity, it constitutes a set-off in this action, against the notes sued on.
The notes, in suit, were transferred to the plaintiff, on the 29th of September, 1855, and by the payee to the plaintiff’s immediate indorser a few days prior thereto. One of those notes is dated on the twenty-fifth of October, and the other on the 13th of November, 1852. The first of them is payable “ on demand of one day after date,” and the other “on demand after date.” The claim, which the defendant seeks to establish and enforce, ■ as a set-off, against them, is in brief this:
From the 18th of April, 1853, to the 21st of February, 1856, the defendant, and one Joseph W. Allen, and James Sargent; the payee of the notes, were co-contractors with a railroad company for the construction of a railroad. The road was completed and accepted in May, 1855. In the construction of such road the defendant was greatly, and at all times, in advance to his co-contractors, for money advanced in and about the work, &c., and to an amount, at no time less than $13,500. On a proper accounting, it will appear that, of this amount, there is owing, and ever since May, 1855, there has been owing from said Sargent to the defendant, the sum of $6,543. Sargent is dead,. his estate is insolvent, and insufficient to pay said sum of $6,543, *574 by the sum of more than $4,500. These are the facts offered to be proved.
In considering the effect of the facts offered to be proved, it should be borne in mind that, this suit was commenced in June, 1856, and that the defendant’s answer was served in the same month. The answer does not allege that Sargent was insolvent, either at the time he transferred the notes, or when the answer was put in. Eor did the defendant, by the offer made at the trial, propose to prove that Sargent was insolvent when the notes were negotiated by him. Sargent died in the spring of 1857.
This claim could not be set off in an action at law, commenced by Sargent at the time this was. The demand is unliquidated. To authorize a set-off of a demand which a defendant has against the plaintiff, unless it arise out of one of the causes enumerated in subdivision 3, of section 32, [sec. 18,] 2 R. S., 354, “the amount must be liquidated, or be capable of being ascertained by calculation.” Id. It must have been due, when, (as in this case, it is sought to be enforced against the payee of a note upon which the plaintiff sues as indorsee thereof,) at the time the payee negotiated it, and the note, sued on, must, also, have been due when so negotiated. (Id., subs. 2, 4 and 9.)
The transaction between Sargent and the defendant, which the latter offered to prove, was not one between them alone, but one to which they and one Allen were parties, and as to which, they were, as between themselves, partners. The transaction was open and unsettled between them when this suit was commenced, and yet is. Eo action at law could be maintained by either of them against the other alone, on the facts offered to be proved. (Murray v. Bogert, 14 J. R., 318.) Whether either of them ought, in respect to such transaction, to pay anything to the defendant, and if so how much, could only be ascertained and determined by an action of account, or a suit in equity, to which the three would be necessary parties. A claim, recoverable only by action of account, or by a suit in equity, cannot be set off at law. (Sherman v Ballou, 8 Cow., 304.)
Such a claim, being one which must be established, if at all, upon an accounting between Sargent, Allen and the defendant, in a suit instituted for the purpose, and to which the three must *575 be parties, it is not one the amount of which is capable of being ascertained by “ calculation,” within the meaning of that word, as used in subdivision 3, of section 32, 2 Revised Statutes, 354. It is not a set-off at law.
Can the demand be set off on the established principles of equity jurisprudence?
The article of the Revised Statutes, entitled “ Of the General Powers, Duties, and Jurisdiction of the Court ” of Chancery, provides that, “ in suits for the payment or recovery of money, set-offs shall be allowed in the same manner, and with like effect, as in actions at law.” 2 R. S., 174, § 43. [Sec. 40.]
As a general proposition, the Court of Chancery and a Court of law follow the same rules as to set-offs. (McDonald v. Neilson, 2 Cow., 139 ; Van Beuren v. Van Gaasbeck, 4 Cow., 495.)
There is nothing in the new matter set up in the answer, nor in the facts offered to be proved at the trial, which brings this case within the rule by which the Court of Chancery, in some cases, will enforce a set-off of distinct and disconnected demands, when such a set-off could not be enforced by a Court of law. Even if it be assumed, on the facts offered to be proved, that, at the time Sargent negotiated the notes in question, the defendant could have commenced an action against him and Allen for an accounting, and that the result of such an action would have established that, in equity there was, then, due from Sargent to the defendant, in respect to the partnership or joint transactions of the three, the sum of $6,543, and that sum had at all times since, in equity been due, still one essential element is wanting, to make a case which would have given to the Court of Chancery jurisdiction of an action commenced against Sargent, at the date of his negotiation of the notes in suit, to compel a set-off of such equitable indebtedness against such notes. It is not alleged that Sargent was then insolvent. The existence of that feet would be essential to the maintenance of such an action, if then instituted, even if there were no other obstacles in the way of sustaining it. (Keep v. Lord, 2 Duer, 78, and authorities there cited; Bradley v. Angel, 3 Comst., 475.)
If an action had been commenced by the defendant against Sargent and Allen, on the day Sargent transferred these notes to Prime, the Court, would not, on a complaint and affidavits *576 stating the matters offered to be proved on this trial (omitting the allegations as to the death of Sargent, and the insolvency of his estate), have enjoined Sargent from transferring, or proceeding, at law, to collect the notes in suit. Without an allegation of the insolvency of Sargent, or of some other fact, which, if true, would prevent the defendant from collecting any sum which, upon an accounting, it might be adjudged that Sargent owed and should pay him, there would be nothing to show the existence of a right, in equity, to demand the set-off. (Keep v. Lord, and Bradley v. Angel, supra; Gay v. Gay, 10 Paige, 369; Barber v. Spencer et al, 11 Paige, 517; Dade v. Irwin et al, 2 How. U. S. R., 383; Story’s Eq. J., §§ 1434 to 1437 inclusive.)
I, therefore, conclude that the facts, offered to be proved, do not establish that any equitable right of set-off existed, or had attached, at the time the notes were transferred to the plaintiff The answer alleges, inter alia, that, “the said James B. Sargent is still the true party interested in said notes, and that this .action is prosecuted for his benefit, ” &c.
The referee has found, as facts, that Sargent transferred and delivered the notes “to Samuel J. Prime to hold and make such use thereof for the benefit of the family of said Sargent, as lie, the said ■ Prime, might in his discretion choose to make.” That in a few days thereafter, and on the 29th of September, 1855, Prime “ transferred the said notes to the plaintiff for a valuable consideration agreed to be given or paid therefor, by the plaintiff, to wit: the said plaintiff agreed to give said Prime therefor, when the said notes were paid, the amount thereof, in the bonds of ‘The Evergreens Cemetery Company,’ estimating such bonds at seventy-five cents on the ¿ollar.”
Is this action prosecuted in the name of “the real party in interest,” within the meaning of the words “the real party in interest,” as used in section 111 of the Code ? A plaintiff, who has an absolute right to the money due on a note, and to receive it and appropriate it to his own use, when recovered, is the real party in interest. (Hastings v. McKinley, 1 E. D. Smith's R., 273; and Selden v. Pringle, 17 Barb., 468.)
The plaintiff had possession of the notes in question, when this suit was commenced. Ete also held the legal title. His purchase was absolute. The money, due upon the notes, is, *577 both at law and in equity, owing to him; when recovered, it must be paid to him.
It is true that Prime as representing Sargent, (or “ the family ” of Sargent for whose use and benefit he received the notes), and that Sargent or his estate are interested in the result. A failure of the plaintiff to recover in this action, might be as great, and possibly a greater loss to Sargent, (if living,) than to the plaintiff. But that feature only illustrates the extent to which a person, not a party to an action, may be interested in the event of it, notwithstanding it is prosecuted by the legal and equitable owner of the cause of action stated in the complaint.
The plaintiff has a right to a complete execution of the contract for the sale of his “ cemetery bonds.” Whether he will make little or much by it is not a question for the Court to consider.
In considering the question, whether the plaintiff is to be defeated on the ground that he is not the real party in interest, it is to be borne in mind that, if this defense fails, there is no defense.
And hence, if this defense prevails, it must be held that, a person owning a note, as to which the maker has no defense, cannot sell it to a third person so as to enable such third person to sue upon it and recover in his own name, no matter how absolute and Iona fide the sale, if, by the terms of the sale, payment for the note is to be made, when the note is paid.
The referee has, substantially, found that, the transfer of the notes by Sargent to Prime, was not “ made under any collusion with said Sargent, or with any purpose or intent to assist him in avoiding the payment of any such indebtedness to the defendant, or any set-off which the defendant had, as against said notes in the hands of said Sargent.”
As the case stands, upon the papers before us, the defendant had no defense to the notes in the hands of Sargent. The notes were transferred by the latter to Prime, without any intent to defeat or avoid the enforcement of any claim that the defendant might have had against him. The plaintiff bought them absolutely and unconditionally, and thereby acquired a title to them, and the right to receive and retain, as his own property, any money that may be paid or collected on them. We think, there *578 fore, that he was “the real party in interest,” as the owner of the notes, and that the action was, properly, brought in his name.
The exceptions taken to the decisions of the referee, permitting Wm. 0. Prime to be sworn after the parties had rested, and in receiving the testimony given by Dan. Marvin, are not noticed in the points submitted by the appellant on this appeal, nor was either of them argued by his counsel, on the argument of such appeal, nor was it intimated by such counsel that he relied on either of these exceptions. We therefore consider them waived "and abandoned.
Rule 43 of the Supreme Court (adopted in August, 1858).
The defendant having failed to establish any defense, either total or partial, to the notes, the judgment must be affirmed. Judgment affirmed.