## HAYES *vs.* HUFFSTATER.

If moneys are obtained from a person when he is in such a state of inebriation as to be incapable of transacting business, or of knowing what he is doing, or the force of his acts, it would be a clear fraud, and the money may be re-covered back. But if a man voluntarily pays a debt or claim made against him, for liquor or other property sold him, he cannot, ordinarily, maintain an action for the recovery of the money paid. *Per* E. D. SMITH, J.

In an action to recover from the defendant moneys alleged to have been ob-tained and received from the plaintiff fraudulently, upon checks and promis-sory notes executed by him when he was intoxicated and incapable of doing business, it appeared that the plaintiff, being a man of large property, was accustomed to have periods of intoxication lasting several days or weeks, and at such times, to frequent the house of the defendant, who was an inn-keeper, and sold him large quantities of liquor for himself and friends. The checks and notes in question were executed and delivered on one of these occasions. The referee found that they were all signed and delivered in payment and settlement of bills for liquor sold to the plaintiff by the defen-dant, and for money lent ; that they were "signed and delivered in the morning of the respective days upon which they bore date, and that although the plaintiff was laboring under the effects of excessive drinking, yet he was, at the time, comparatively sober, and of sufficient capacity to know and un-derstand what he was doing, and responsible for his acts." *Held,* that upon this finding, the acts of the plaintiff could not be invalidated, or treated otherwise than as binding upon him. Judgment dismissing complaint affirmed.

APPEAL from a judgment entered upon the report of a referee.

The action was brought to recover moneys obtained and received from the plaintiff fraudulently, and when the said plaintiff was intoxicated and incapable of con-ducting business affairs.

It appears that the plaintiff was accustomed to have periods of intoxication lasting for a number of days or weeks, and at such times was accustomed, more or less, to frequent the defendant's house, who was an inn-keeper and knew the habits of the plaintiff, and sold him, at such times, large quantities of liquor. The plaintiff, it appears, was a man of large property, and in the month of May, 1871, was engaged in building, and had in his employ quite a number of mechanics and

other laborers, and while so engaged, on or about the 27th of May, 1871, he went to the house of the defendant and began and had one of the said periods of intoxication, or " sprees," as called in the case, lasting till the latter part of July, during which period he had his meals at the defendant's house, and large quantities of liquor were sold to him, to be drank there and carried away to be drank with his friends, elsewhere.

During this period, the referee finds, that the defendant obtained from the plaintiff the checks mentioned in the complaint, upon a bank in Watertown, amounting in the aggregate to $837.30, which were endorsed by the plaintiff and delivered in settlement and payment of the liquor bill and borrowed money, and the defendant sold him liquor to the amount of $905.

The referee further finds, that all the checks and notes referred to and mentioned were signed and delivered in payment and settlement of bills for liquor sold him by the defendant, and money lent.

The referee found, as matter of law, that the defendant was entitled to judgment, and dismissed the complaint, with costs. Judgment was ordered accordingly.

Judgment having been entered up, the plaintiff appealed to this court.

*Hammond & Whiting*, for the appellant.

*Moore & McCartin*, for the respondent.

*By the Court*, E. DARWIN SMITH, J.   The questions arising upon this appeal are purely questions of fact. There are no exceptions upon questions of law. The exceptions taken by the plaintiff's counsel are to the findings of the referee upon the evidence, with the general exception to the conclusions of the referee upon the law, that the defendant is entitled to judgment dismissing the complaint.

Besides exceptions to the report embraced in the judgment roll there are appended, at the foot of the case, four requests to the referee to find in a particular manner upon questions of fact, with a statement that the referee refused so to find, and the plaintiff duly excepted. It does not appear that these requests were made before the submission of the case to the referee; and I should presume they were requests made upon the settlement of the case, when the referee had no longer the power to accede to and give effect to them in the decision of the cause.

The action is brought to recover moneys received and obtained by the defendant upon three checks, one of $128, dated May 28, 1870; one of $75, dated June 1, 1870; one of $61, dated June 7, 1870; and for the amount of two promissory notes obtained by the defendant and negotiated by him and paid by the plaintiff; one dated June 28 for $200, and one dated July 12 for $500.

The referee finds that the check for $128 was given to the defendant on the 29th of May, 1870, when the plaintiff was fully competent to know what he was doing; that the same was given for an old bill for liquor, and that the defendant declined to let the plaintiff have any liquor until this bill was paid; and that on the same evening the defendant lent the plaintiff $55 in cash, which he wanted to pay to workmen; and that the other check and the said notes were given to cover this $55, and in payment and settlement of the defendant's bill for liquor.

The plaintiff's claim to recover these moneys thus paid rests upon the allegation that they were obtained from him when he was in such a state of inebriation as to be incapable of business, or of knowing what he was doing, or the force of his acts.

If a man is deprived of his property under such circumstances it would be a clear fraud, and the money may doubtless be recovered. But if a man voluntarily

pays a debt or claim made against him for liquor or other property sold, he cannot, ordinarily, maintain an action for the recovery of the money paid.

The referee, in respect to this question, finds, "that all of the said checks and notes were signed and delivered in the morning of the respective days upon which they bear date, and that although the plaintiff was laboring under the effects of excessive drinking, yet he was, at the time, comparatively sober, and of sufficient capacity to know and understand what he was doing, and responsible for his acts." Upon this finding it seems to me impossible to invalidate his acts, or treat them otherwise than as binding upon him.

In looking into the case I have sought, with considerable diligence, to find some legal ground that would warrant the court in directing a new trial of the cause. It seemed to me, at first view, that it was incredible that this plaintiff could, in the space of about forty days, drink or consume the quantity of liquor charged to him by the defendant and paid for by the plaintiff, consisting of 176 bottles of Hennesey brandy, 15 bottles of whisky, 315 drinks of whisky, and 487 drinks of ale and porter. But the case shows that the plaintiff had many companions in his drink, and that during his debauch he furnished the liquor for all who would drink with him, at the defendant's house and his own. During the period that he gave himself up to drink and intoxication, lasting some six weeks, the proofs show that the plaintiff was at the defendant's house most of the time, drinking and inviting many others to eat and drink with him, and that he usually invited all present to drink, and one day called up, as one witness testified, as many as 25 or 30 persons to drink at a time, and that he took and sent for bottles of brandy and drank the same with his companions, at his own house; and when expostulated with by the defendant, and told that his bill would be so big that he would grumble when called to settle

it, would reply that that was none of the defendant's business, and said, "I can pay my bills, and if I can't I will sell a house and lot." ·

This case is not that of a poor man, stripped by the acts and contrivance of a liquor dealer, of his little property to the ruin of his family, but of a rich man dissipating a portion of his wealth with profuse prodigality.

The findings of the referee, that the notes and checks aforesaid were given in the morning of the day, and when the plaintiff was sober, and before the drinking business of the day had begun, is fully warranted by the proofs; and I do not see that any of his essential findings are in conflict with the evidence.

In this view, I see no other course that can be taken than to affirm the judgment.

Judgment affirmed.

[Fourth Department, General Term, at Buffalo, June 3, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]