In the Matter of the Estate of GIUSEPPE AMICO, Also Known as CALAGERO LUMIA, Deceased.

Surrogate's Court. Kings County, January 13, 1941.

*Hardin, Hess & Eder*, for Royal Consul General of Italy at New York, appearing on behalf of the widow and daughter of deceased, objectant, for the motion.

*Arthur A. Martoccia*, for Joseph Maneri, opposed.

*Peter P. Spinelli*, for Fred Runfola, as administrator, etc.

*Frederick W. McGowan*, for the National Surety Corporation.

WINGATE, S. It is proverbial that " hard cases make bad law." The present is one of this variety, wherefore the court is solicitous

to guard against the establishment of a precedent which, in other situations, might arise to plague future litigants and itself.

This decedent died in 1933, survived by a wife and daughter in Italy as his sole statutory distributees.. A nephew promptly secured letters of intestate administration and his account is now the subject of judicial settlement. The gross assets of the estate aggregated $2,589.65, and in the account the administrator sought credit for a payment of $1,384.01 for funeral expenses. Objection was interposed to the allowance of this credit on the ground that it exceeded the bounds of reasonableness in an estate of this size, especially in view of the dependents of the testator. The issue was tried before a referee who reported that in his opinion no more than $500 could be deemed a reasonable expenditure under the circumstances, with the result that the excess of the claimed credit, amounting to $884.01, should be disallowed and the administrator surcharged with this sum. This report has been confirmed.

It is now asserted that the administrator is impecunious and cannot respond to the surcharge and that his surety has gone into liquidation, with the result that any claim against it is worthless. Faced by this dilemma, the representative of the widow and daughter seeks to invoke the aid of this court to compel repayment by the undertaker of the sum by which the payment to him was determined to be excessive. He bases this prayer for relief on the final sentence of section 267 of the Surrogate's Court Act which reads: " If any creditor or any person interested in the estate has received estate assets in excess of the amount determined on the settlement of the account to be lawfully due him the surrogate shall have power to direct in the decree repayment by him of such excess to the representative of the estate or otherwise as justice may require; and the exercise of such power heretofore by the surrogate is confirmed."

This enactment was added to the section by chapter 652 of the Laws of 1936. The attention of the court has not been called to any reported decision applying it and its independent research has disclosed none, since action under this section is not to be confused with the somewhat analogous remedy under section 231-a of the Surrogate's Court Act authorizing recovery of overpayments made to an attorney, which has frequently been applied. The nearest approach to the relief presently sought was considered in *Matter of Harned* (149 Misc. 476), in which recovery was permitted against a distributee who had mistakenly been overpaid.

It would appear obvious that the authority accorded to the surrogate by the addition to section 267 of the Surrogate's Court Act, which is here invoked, would be capable of exercise only in a

situation in which recovery of an overpayment would be permissible in an action in a court of general jurisdiction since the purpose of the enactment is obviously merely in furtherance of the recognized policy of concentration of jurisdiction in surrogates over all matters relating to the estates of decedents (*Matter of Raymond* v. *Davis*, 248 N. Y. 67, 72) and not to create a cause of action where none previously existed.

The considerations in this regard are complicated by the dual personality of the fiduciary of an estate, and in each case in which the return of payments is sought, the capacity in which they were made would appear to be a vital element in the syllogism for recovery, particularly where the consideration for the payment was an obligation incurred subsequent to the death of the decedent. In the creation of such new obligations, it is primary that the fiduciary binds himself in his personal capacity only (*O'Brien* v *Jackson*, 167 N. Y. 31, 33; *Austin* v. *Munro*, 47 id. 360, 366; *Matter of Meng*, 227 id. 264, 270; *Dodd* v. *Anderson*, 197 id. 466, 471; *Smith* v. *Peyrot*, 201 id. 210, 215; *Ferrin* v. *Myrick*, 41 id 315. 324; *Parker* v. *Day*, 155 id. 383, 387) and is in theory bound to satisfy such obligations from his own assets in the first instance (*Shaffer* v. *Bacon*, 35 App. Div. 248, 251; affd., 161 N. Y 635; *Matter of Rosenberg*, 169 Misc. 92, 95), although entitled to reimbursement to the extent that the expenditure is proper and for the legitimate purposes of the estate. (*Corn Exchange Bank & Trust Co.* v. *Bankers Trust Co.*, 268 N. Y. 224, 227; *Matter of Maxwell*. 218 id. 88, 90; *Downing* v. *Marshall*, 37 id. 380, 388; *Wetmore* v *Parker*, 52 id. 450, 466; *Matter of Ziegler*, 170 Misc. 748, 751; *Matter of Damsky*, 175 id. 460.)

As a matter of practice, the fiduciary will usually pay such subsequently created obligations from the estate assets and such action is permissible under section 222 of the Surrogate's Court Act to the extent that such expenditures constitute " legal and proper expenses of administration necessarily incurred." To the extent, however, that they transcend this description, they are improper and constitute a diversion of estate assets *ab initio* (*Shaffer* v. *Bacon*, 35 App. Div. 248, 251; affd., 161 N. Y. 635; *Matter of Rosenberg*, 169 Misc. 92, 96; *Matter of Ziegler*, 170 id 748, 751.)

When, therefore, a fiduciary has entered into a new contract which, as between him and his contractor, is not tainted with any invalidating circumstance and has paid the consideration required thereby, it becomes a matter of importance as to the source from which such payment was actually made, and the knowledge of the payee that such source was estate assets, if this was really the fact.

If payment was made by the fiduciary from his own funds he is entitled to recover from the payee, in the absence of fraud or duress, only if the payment was the result of a mistake of fact. (*Clarke* v. *Dutcher,* 9 Cow. 674, 681; *New York & Harlem R. R. Co.* v. *Marsh,* 12 N. Y. 308, 312; *Lowber* v. *Selden,* 11 How. Pr. 526, 527; *Wood* v. *Amory,* 105 N. Y. 278, 282; *Mowatt* v. *Wright,* 1 Wend. 355, 360; *Hayes* v. *Huffstaler,* 65 Barb. 530, 532; *Payne* v. *Witherbee, Sherman & Co.,* 200 N. Y. 572, 576; *Trust Co. of America* v. *Hamilton Bank of N. Y.,* 127 App. Div. 515, 517.)

Where, on the other hand, payment is, to the knowledge of the payee, made from estate funds, he is charged with the knowledge of the law that their use for the purpose by the fiduciary is permissible only in solution of the " legal and proper expenses of administration necessarily incurred " by the latter and if the payment or any part of it does not fall within this description that it constitutes a *pro tanto* diversion of trust funds, for participation in which he may be compelled to make restitution on usual principles.

It follows from the foregoing considerations that any person seeking to invoke the remedy available under the final sentence of section 267 of the Surrogate's Court Act is under obligation to allege and prove that the person from whom recovery is sought was, in fact, paid from estate assets, that such payment exceeded that which was legal, proper and necessary for estate purposes and that the payee received the payment with knowledge or notice that the medium of payment constituted an asset of the estate.

In the present instance the affidavit upon which the motion is predicated is deficient in two of these essential particulars, wherefore the motion will be denied, without costs with leave to renew the application upon an adequate demonstration.

One additional observation respecting practice on such an application appears appropriate. It is entirely true that the undertaker from whom repayment is sought was brought into the pending accounting proceeding by supplemental citation. This, however, merely cited him to show cause why the accounts of the fiduciary should not be settled and contained no intimation that a personal charge against him would be sought. In the opinion of the court he is entitled to personal notice thereof. It is accordingly suggested that if the present application be renewed, it be initiated by an order to show cause served personally upon him.

Enter order on notice in conformity herewith.