NEW-YORK,
May, 1833.

Sturges
v.
Allis.

## STURGES *vs.* ALLIS & LEE.

*Assumpsit* lies to recover back money paid under a judgment subsequently *reversed,* and the plaintiff may recover on the common money counts.

The award of a *venire de novo* to be issued by the court below, and an order that the *costs of reversal* abide the event of the suit, are no bar to the action to *recover back* the *money paid.*

THIS was an action of *assumpsit,* tried at the Orleans circuit in August, 1831, before the Hon. ADDISON GARDINER, one of the circuit judges.

Sturges sued Allis & Lee in the Orleans common pleas, in which court the plaintiff was nonsuited, and the defendants had judgment for costs ; on which they issued an execution, and the plaintiff paid the sum of $237,87 to the sheriff. The plaintiff sued out a writ of error to this court, and the judgment of the common pleas was reversed ; a *venire de novo* was awarded to be issued by the common pleas, and the *costs of reversal* to abide the event of the suit. The plaintiff then brought this suit to recover back the money paid by him, declaring on the common money counts only. At the trial of this cause, the suit in the common pleas was still pending, undetermined. The jury, under the direction of the judge, found for the plaintiff. The defendants move for a new trial.

*M. T. Reynolds,* for the defendants, insisted that until the determination of the suit in the common pleas, the plaintiff had no right to sue ; and if he had such right, he was not entitled to maintain this action against the defendants *jointly,* without shewing a *joint* receipt of the money.

*B. F. Butler,* contra.

*By the Court,* SAVAGE, Ch. J. The plaintiff brings assumpsit to recover money collected from him under a judgment which has been reversed. That the action lies, has been expressly adjudged, 6 *Cowen,* 299.

The defendant contends that the plaintiff cannot recover until the determination of the cause in the court below, a *ve-*

*nire de novo* having been awarded.   The defendants in error
recovered in the court below their costs in that court and collected them.   The judgment of reversal is, that the plaintiff
shall be restored to what he has lost, and that the costs in this court abide the event.   The plaintiff has lost the amount of the judgment in the court below, and to that he is to be restored.   But when is he to be restored to it ?   The record fixes no time.   It is of course to be done immediately, if the plaintiff in error chooses.   It is true that, should the defendants ultimately prevail, this same money will belong to them ; but at present, the judgment by which they claim title to it having been reversed, they have no title and no right to retain the possession of it.   The awarding a *venire de novo* merely directs the parties to proceed and try the cause in the court below ; the cause is restored to the situation in which it was before the former trial, when the parties below had shewn no right to either damages or costs ; of course none could be claimed in advance.   The judgment of reversal having remanded the parties to this state of the cause, the costs which have been collected must be returned, before the parties will be in *statu quo.*

The next question is whether a cause of action was shewn against both defendants.   If any cause of action at all has been shewn, it is joint and not several.   The award of costs upon the record is in favor of both ; the execution is in favor of both, and the attorney on record who issued the execution, and the sheriff who collected the money, were the agents of both.   If the costs accrued in unequal portions, the fact does not appear on the record, and if it did, would not create in this case a separate liability, so long as the judgment for costs is joint upon the record.   The plaintiff is entitled to judgment.

New trial denied.