GLOVER *v.* FOOTE.

*A.* having obtained judgment against *B.* for a certain sum of money, gave *C.* a written authority to collect a certain part of the amount in *A.'s* name, and apply it to his *C.'s* own use. *C.* received from *B.* the amount of the order, and bound himself in writing to *B.* to repay him the amount so received if the said judgment should be reversed. The judgment was afterwards reversed, and *B.* sued *A.* in assumpsit for money had and received to recover back the money paid as aforesaid to *C.* *Held,* that the action could be sustained. *Held,* also, that interest in such case could only be recovered, under the statute, from the time the money was demanded.

An entry on the record of the Circuit Court of a decision of the Supreme Court, in a case taken by appeal from the Circuit Court, is necessary before any action of the last-named Court in the cause remanded from the Supreme Court.

But when the question in a suit in the Circuit Court is, whether a judgment in another action had been reversed or not, the record of the Court that reversed the judgment, or an agreement of the parties that it had been reversed, is sufficient to prove the reversal.

APPEAL from the *Lawrence* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit brought by *Foote* against *Glover* in *November*, 1841. There was a general count for money had and received. There was also a special count which was adjudged bad on demurrer; but as that count states the same facts that were proved under the general count, any further notice of it is unnecessary. Plea, the general issue. The cause was submitted to the Court, and judgment rendered at the *May* term, 1842, in favour of the plaintiff for 308 dollars and 63 cents.

The following are the facts proved: In *April*, 1834, *Glover* recovered a judgment in the Circuit Court of *Monroe* county against *Foote* for 629 dollars exclusive of costs. Afterwards, in the same month, *Glover,* by an instrument of writing, assigned 300 dollars of the judgment to *John H. Thompson.* By that instrument, *Thompson* was authorized to collect said 300 dollars in *Glover's* name, to receipt for the amount as *Glover's* attorney, and to appropriate the same when collected to his, *Thompson's* own use. The next day after the instrument of assignment was executed, *Thompson* agreed with *Foote* to give him a receipt for the 300 dollars of the judgment, on *Foote's* paying him in cash 240 dollars. The money was accordingly paid, and the following receipt

indorsed on said instrument, viz., "Received of *Winthrop Foote* 300 dollars on the judgment within named, with the understanding that should said judgment be reversed in the Supreme Court, 240 dollars of the above sum are to be refunded to the said *Foote.* *April* 12, 1834.—*Joseph Glover*, by *John H. Thompson* his attorney." Below this receipt, and on the instrument of assignment aforesaid, there is also the following indorsement: "I hereby bind myself personally, that, should the said judgment be reversed, the said sum of 240 dollars shall be punctually and honourably refunded. *April* 12, 1834.—*John H. Thompson.*" *Thompson* was an attorney for *Glover* in the suit in which the judgment was obtained, and received the assignment for 300 dollars as his fee in the case, having no authority to bind *Glover* for repayment to *Foote*, in any event, of the money thus received. It is agreed by the parties, that said judgment against *Foote* was reversed by the Supreme Court in *August*, 1837.

We think the plaintiff was entitled to recover. When a judgment which has been paid to the plaintiff is reversed, the money may be recovered back by the defendant in an action for money had and received. *Sturges* v. *Allis et al.* 10 Wend. 354.—*Clark* v. *Pinney*, 6 Cowen, 297.—*Green* v. *Stone*, 1 Harr. & Johns. 405. The ground of the plaintiff's right to recover in these cases is, that the consideration has failed on which the money was paid. The money here sued for was paid to *Thompson* on the order of the judgment-creditor, which is the same as to the question before us as if it had been paid to the creditor himself.

The defendant contends that the plaintiff, by receiving *Thompson's* individual undertaking to refund the money should the judgment be reversed, waived his claim against the defendant; but that is not so. The undertaking only added the liability of *Thompson* to that of *Glover* for the money, in case of a reversal of the judgment. The defendant also contends, that it should appear that the judgment of reversal had been entered on the record of the Circuit Court before the commencement of this suit; but we think otherwise. Such entry is necessary before any action of the Circuit Court as to other proceedings in the cause remanded from the Supreme Court, but that is a different matter.

When a question, as is the case here, is made in a suit, whether a judgment before rendered in another action had been reversed or not, the record of the Court that reversed the judgment, or the agreement of the parties that it had been reversed, must be sufficient to prove the reversal.

The only error in this record is in the amount of the judgment, which is larger than it should be. The interest on the money proved to have been received was calculated from the time when the judgment was reversed. That was wrong. Interest for money had and received was only recoverable, in this case, from the time when the money was demanded of the defendant; R. S. 1838, p. 336; and there was no other demand here than the commencement of the action. The plaintiff, therefore, was only entitled to judgment for the money received by *Thompson* on the defendant's order, with interest from the issuing of the writ in this suit to the time of the judgment in the Circuit Court.

If the proper amount be remitted, the judgment may be affirmed; it must otherwise be reversed.

DEWEY, J., having been of counsel in the cause, was absent.

*Per Curiam.*—A *remittitur* having been entered, &c., the judgment is affirmed.

*C. P. Hester*, for the appellant.

*J. S. Watts*, for the appellee.