THE CITY OF ELIZABETH v. HILL.

1. Where an owner of lands assessed for a city improvement, has paid the amount assessed, and the assessment is afterwards set aside on *certiorari*, he may, after such reversal, and demand made, recover back the amount paid, in an action of *assumpsit*, though the assessment was voluntarily paid.

2. Where a cause is tried by the court, without a jury, its findings on questions of fact are not reviewable by writ of error. All that can be reviewed is the sufficiency of the facts found to support the judgment.

3. The effort of the court is always to give a statute a prospective effect only. A statute will be construed to be prospective only, unless in cases where there is something on the face of the enactment putting it beyond doubt that the legislature meant it to apply retrospectively.

4. The fifth section of the supplement to the charter of the city of Elizabeth, passed March 17th, 1875, applies only to assessments which have been set aside since the act was passed.

On error to the Union Circuit.

Argued at June Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff in error, *R. E. Chetwood* and *B. Williamson.*

For the defendant, *W. J. Magie.*

The opinion of the court was delivered by

DEPUE, J. The plaintiff was the owner of a lot situate on Jefferson avenue, in the city of Elizabeth, on which an assessment of $1211.76 was laid by the city for paving the said avenue. The assessment was ratified on the 27th of April, 1874. On the 14th of October, 1874, the plaintiff paid to the city the assessment, with interest thereon. In June, 1874, a writ of *certiorari* was sued out by the owner of other lands assessed, which removed the assessment to the Supreme Court, and, on the hearing, the whole assessment was vacated and set aside. The plaintiff, on the 6th of May, 1875, demanded the return of the money, and such demand not having been complied with, brought suit for the same by a writ returnable the 15th of May, 1875. Judgment having been given in his favor, the city sued out this writ of error.

The case was tried before the court, on a state of case agreed on, and on oral testimony touching the question, whether the

City of Elizabeth v. Hill.

payment of the assessment by the plaintiff was a voluntary payment.

The judge having found, as a question of fact, that the payment was a compulsory and not a voluntary payment, his finding is not subject to review on writ of error. Where a cause is tried by the court, without a jury, its findings, on questions of fact, are not reviewable by writ of error. All that can be reviewed is the sufficiency of the facts found to support the judgment. *Columbia Delaware Bridge Co.* v. *Geisse*, 9 *Vroom* 39; *S. C., Id.* 580; *Tyng* v. *Grinnell*, 92 *U. S. Rep.* (2 *Otto*) 467.

But waiving the question as to the conclusiveness of the findings of matters of fact by the court, and assuming that the assessment was voluntarily paid, we think that the action may, nevertheless, be maintained. The money was paid on an assessment which, at the time of the payment, was a subsisting assessment, which, until reversed, was legally binding on the city, and the satisfaction of which operated as an extinguishment of the liability of the plaintiff to contribute, in respect of his ownership of lands, to the costs of the improvement. But on the reversal of the assessment in the proceedings on *certiorari*, the situation of the parties was completely changed. The plaintiff's property was no longer discharged from liability to a new assessment for the expenses of the improvement. The city has so regarded it, and pending this suit, has proceeded to make an assessment *de novo*, in which the plaintiff's property is included. Under such circumstances the plaintiff is entitled to have his money back, and to sue for it as for money paid on a consideration which has failed. The case is like that of a reversal of a judgment on *certiorari*, or writ of error. A defendant who has paid the judgment before reversal, is thereupon entitled to have restored what he has paid. He may have it back by an order of restitution, if it appears by the record, or otherwise, that the money has been paid. *Arrowsmith* v. *Van Arsdale*, 1 *Zab.* 471; *McChesney* v. *Rogers*, 3 *Halst.* 272. Or, having made demand, he may sue for it, in *indebitatus assumpsit*, for

money had and received. *Clark* v. *Pinney*, 6 *Cow.* 297; *Sturges* v. *Allis*, 10 *Wend.* 354; *Maghee* v. *Kellogg*, 24 *Wend.* 32. The present case cannot be distinguished from *Mayor of Jersey City* v. *Riker*, 9 *Vroom* 225, and the question must be regarded as *res adjudicata* in this court.

After the reversal of the original assessment, the city proceeded to make a new assessment for the same improvement, and assessed on the plaintiff, for the same lands, the sum of $1461.50, which last assessment was not ratified until August 16th, 1875—after this suit was brought—and then was reconsidered, and is still pending undetermined before the council. The fact that the property of the plaintiff, after the reversal, was still liable to have an assessment laid on it, will not bar his action. In Sturgis *v.* Allis, on the judgment of reversal, a *venire de novo* was awarded, and the action was still pending. But the court held that the pendency of the original suit was not a bar to the action to recover back the money paid, though the plaintiff in the original suit might ultimately prevail, and be entitled to the same moneys.

The city further relied on the fifth section of a supplement to its charter, approved March 17th, 1875, (*Laws*, 1875, *p.* 291,) which, it was contended, barred an action to recover back the money paid on the old assessment until a new assessment should be made. The judge held that this act did not apply to assessments which had been set aside before the act was passed, and, therefore, was not applicable to this case. We think this construction was correct. The effort of the courts is always to give statutes a prospective effect only, unless the language is so clear and imperative as not to admit of doubt. *Sedgw. on Stat. Const.* 164. *Nova constitutio futuris formam imponere debet, non præteritis* is a maxim of the law. *Broom's Leg. Max.* 28. "The principle," says Rolfe, B., "is one of such obvious convenience and justice, that it must always be adhered to in the construction of statutes, unless in cases where there is something on the face of the enactment putting it beyond doubt that the legislature meant it to apply retrospectively." *Moon* v. *Durden*, 2

*Exch.* 33. Especially is this the case when a right which has become vested, as the right of the plaintiff to have restored what he had paid became vested on the entry of the judgment setting aside the assessment, is sought to be taken away by subsequent legislation.

Adopting this canon of construction, it is obvious that a prospective operation only must be given to the act in question in relation to the matters therein which are involved in this case. Its language is, " that any person who has heretofore paid, or who shall hereafter pay, any assessment, shall, in case such assessment shall be set aside, altered or reduced," &c. The assessments to which this legislative provision is directed, are defined therein as " such assessments as *shall be* set aside," clearly expressing the legislative intent that such assessments only should be embraced as should be vacated, altered or reduced after the act took effect. Such was the construction put upon a statute very similar to this act in its purview and language, in *Proprietors of Morris Aqueduct* v. *Jones,* 7 *Vroom* 206 ; *S. C.*, on error, 8 *Id.* 556.

The judgment should be affirmed.