Okey, J.
Under the former practice, where the precise' sum or thing to be restored appeared in the record, the writ of restitution might be awarded immediately on reversal of a judgment. But where the matter to be i’estored was not specified in, but depended on evidence dehors the record, a scire facias was issued, and the writ of restitution waa not awarded until the defendant in error had an opportunity to make a defense. Cowden v. Hurford, 4 Ohio, 374; and see Bickett v. Garner, 31 Ohio St. 28.
In Duncan v. Kirkpatrick, 13 S. & R. 292, it was held that where a judgment is reversed and an order is made that the plaintiff in error shall be restored to all things which he lost by reason of the judgment, he can not maintain an action to recover money collected on the judgment prior to the reversal, the sole remedy being scire facias. The apparent approval of that case in Cowden v. Hurford must be referred to what is said in relation to the practice, in general, with respect to restitution, for the question whether such action could be maintained was not presented or considered in Cowden v. Hurford. But the weight of authority is clearly against Duncan v. Kirkpatrick, as will appear from the cases on the subject, among which are the following: Clark v. Pinney, 6 Cowen, 297; Sturgis v. Allis, *647 10 Wend. 354; Maghee v. Kellogg, 24 Wend. 32; Langley v. Warner, 1 Sandf. (S. C.) 209; Cummings v. Noyes, 10 Mass. 433; Stevens v. Fitch, 11 Met. 248; Jamaica v. Guilford, 2 D. Chip. 103; Homer v. Barrett, 2 Root, 156; Raun v. Reynolds, 18 Cal. 275; McDonald v. Napier, 14 Ga. 89; Bank of United States v. Bank of Washington, 6 Peters, 8; Williams v. Simmons, 22 Ala. 425 ; Glover v. Foote, 7 Blackf. 293; 1 Stephens’ N. P. 357.
A court reversing a judgment has the inherent power to make such order of restitution. It is, in effect, a judgment; and it has been held'that an action may be maintained on a judgment rendered in this state, although such judgment-is not dormant, and an execution might issue thereon. Headley v. Roby, 6 Ohio, 521; Brooks v. Todd, 1 Handy, 169.
Without deciding whether the same thing formerly effected by scire facias might not be attained by the order of a court or judge, or still by scire facias, which, although even the name of the writ has disappeared from our statutes, has not been in terms abolished; yet a proper, and as-we think the appropriate remedy, in a case like this, is by action.
But it is said the payment was voluntary, and, therefore, Jacob J. Hiler is not entitled to recover. We do not find it necessary to determine what constitutes such voluntary payment of a judgment as will preclude the party paying-from recovering back the money paid. An objection like that goes to the question whether the original judgment should have been reversed, and that question is not before us. As the objection is now presented, it is well answered in the language of Lewis, C. J., in Breading v. Blocher, 29 Pa. St. 347: “ A judgment of restitution, given upon the reversal of an erroneous judgment, is conclusive of the matters adjudged by it. It establishes beyond further question the right of the plaintiff in error to be restored to all things which he has lost by reason of the erroneous judgment. Its justice can not be rejudged in any collateral proceeding.”

Judgment affirmed.