## B. D. McKIE, Exr., vs. HOMER AND OSCAR ECHOLS.

COURT OF APPEALS, AUSTIN TERM, 1882.

*Plea to jurisdiction — Necessary averments — Lease contract.*—In asserting his privilege to be sued in a particular county, defendant must, by proper averments, give the plaintiff a better writ. Where defendant was sued as executor upon what was claimed as a moneyed demand against the estate, it was necessary in his plea to aver in what county the estate was being administered; otherwise the plea is defective, as it does not give the plaintiff a better writ.

The effect of a lease contract can only be avoided by showing that it was induced by fraud or originated in a mistake of fact.

Appeal from the County Court of Navarro county—Opinion by Watts, J.—On February 15, 1881, appellees brought this suit against McKie, as executor of Jacob Elliot, deceased, in justice's court, to recover the sum of two hundred dollars for money had and received. McKie, it seems, plead orally to the jurisdiction of the court, on the ground that the citation showed that he was a citizen of Bell county, etc.

April 29, 1881, the plea or demurrer to the jurisdiction was overruled, and judgment was rendered for the appellees. The case was appealed to the county court, and appellant plead to the jurisdiction of the court of the ground that he was a citizen of Bell county. He also plead to the merits; that the money sued for was paid under a mistake of law, and therefore not recoverable; that the money sued

for was paid under an executed contract supported by a valuable consideration, and is not recoverable. Appellees excepted to plea to the jurisdiction. The exceptions were sustained and the plea, stricken out, and upon trial judgment was rendered for appellees for $233.33, from which this appeal was taken.

It is claimed that the court erred in striking out the plea to the jurisdiction. The statute provides that a suit against an executor or administrator, to establish a moneyed demand against an estate, must be brought in the county where the estate is being administered. The rule of law is well recognized that in asserting his privilege to be sued in a particular county, the defendant must, by proper averments, give to the plaintiff a better writ. As appellant was sued as executor upon what was claimed to be a moneyed demand against the estate, it was necessary in his plea to aver in what county the estate was being administered, otherwise the plea is defective, as it does not give the plaintiff a better writ.

Appellant claims that the money sued for was paid to him upon an executed contract, knowingly entered into by appellees, and therefore not recoverable.

A suit was pending between Mrs. Watrous, as plaintiff, and McKie, as executor of the estate of Elliot, as defendant, involving the title to a large tract of land. Pending that suit, appellees purchased fifty acres of the land and took possession of the same. Upon the trial of the case in the district court judgment was rendered in favor of appellant for the land. From that judgment Mrs. Watrous appealed, without giving any supercedeas bond. A writ of possession was issued, which appellees enjoined, but that injunction was dissolved and the case dismissed. Thereupon the appellees entered into a contract with appellant ackowledging the superior title to the land in the Elliot estate, and agreed to pay the estate the sum of four dollars per acre rent for the land for the term of one year. That, in pursuance of this contract, appellees paid to appellant the $200 sought to be recovered in this suit as money had and received. Subsequently the Supreme Court reversed the judgment in the case of Watrous vs. Elliot's estate, and rendered a judgment in favor of Mrs. Watrous for the land.

The authorities relied upon to sustain the judgment are to the effect that money collected upon a judgment which is afterwards reversed may be recovered back in an action for money had and received. (Sturges vs. Allis & Lee, 10 Wend., 355; McDonald vs. Napin, 14 Ga., 95.)

That, however, is not the question in this case. Here the money was paid upon a written contract of lease, in which the superior title to the land is admitted to be in the estate of Elliot; this contract, so far as is shown by the record, was entered into by the parties with all the facts before them; there is no pretense that there was any fraud or deceit used to induce the appellees to enter into the contract, and clearly there is no mistake of fact shown. Under the judgment of the district court, appellant might have obtained the possession of the land, by a writ of restitution; and to retain the possession of the land doubtless was the real motive that actuated the appellees in making the lease contract. But under the circumstances it cannot be said that there was no consideration accruing to them in the matter; on the contrary, appellant was thereby deprived of the advantage of his writ of restitution, and the benefit of the continued possession of the land thereby accrued to appellees.

Appellees, by entering into the contract, became the tenants of appellant, and as a general rule they would not be heard to deny his title. Aside from that, they could have only avoided the effect of that contract by showing that it was induced by fraud or originated in a mistake of fact, neither of which is shown by the record.

That the parties may fully present the case and have it adjudicated upon the merits, we think the judgment ought to be reversed and the cause remanded.

Report of Commissioners adopted by Supreme Court, and judgment reversed and cause remanded.—GOULD, C. J.