have been no longer of any use to the plaintiff, who was about to return to this city, her summer vacation being about to expire. She was under no obligation to assist the defendant to make a delivery at that time which would have the effect of relieving them from the just penalty incurred by their own breach of duty. It is unnecessary to say that an offer of defendant to deliver to plaintiff, if she would assist it out of the dilemma resulting from its own negligence, was not equivalent to a delivery. The carrier's liability continues until actual or constructive delivery at the stipulated place. 2 Am. & Eng. Enc. Law, 884, note 5; Express Co. v. Baldwin, 26 Ill. 504; Id., 23 Ill. 197; Graff v. Bloomer, 9 Pa. St. 114.

The pleadings in the court below were oral. The statement of the plaintiff's cause of action was "damage for delay in delivery of bicycle, and its loss." This was as much a claim for nondelivery —i. e. loss—as for delay in delivery. The justice gave judgment according to the evidence, which was taken without objection, and which showed a failure to deliver. This judgment cannot be disturbed on any technical ground, being according to the justice of the case. The testimony of the plaintiff as to her object in buying the bicycle and shipping it to Canada, and her intention to use it there, was objected to by the defendant because these facts were not communicated to the carrier at the time of shipment. In our view of the law of the case, the error, if any, in the admission of this testimony, was immaterial. But, even if the recovery sought had been damages for delay, the testimony would have been proper to show that the bicycle was to serve some specific purpose of the owner, and as a foundation for damages on that account. It might not, however, be unreasonable to hold that the circumstances of the shipment of this bicycle sufficiently apprised defendant of the personal use for which it was intended.

Judgment affirmed, with costs. All concur.

---

HAYNES v. McKEE.

(Supreme Court, Appellate Term, First Department. February 26, 1897.)

1. PLEADING AND PROOF—VARIANCE.
   A recovery cannot be had for constructive fraud under a complaint alleging actual fraud.

2. TRUSTS—DEATH OF TRUSTEE—EXECUTOR'S RELATION TO CESTUI QUE TRUST.
   There is no fiduciary relation between a cestui que trust and the trustee's executor, where the trust expired on the trustee's death.

3. MONEY RECEIVED—PAYMENT BY MISTAKE OF LAW.
   An action for money had and received will not lie against an executor to recover money paid to him by mistake of law, and which he has in good faith distributed under his testator's will.

4. TRIAL—ORDER OF PROOF.
   It is not error to exclude proof of a conversation which is competent only as being a repetition to one party of statements made by the other, where the making of such statements has not been shown.

Appeal from city court of New York, general term.

Action by James Haynes, as executor of Mary L. Haynes, deceased, against James W. McKee, to recover money alleged to have been ob-

tained from plaintiff's testatrix by fraudulent representations. From an affirmance of a judgment entered on an order dismissing the complaint (41 N. Y. Supp. 553), plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

C. N. Bovee, Jr., and Frederick B. Campbell, for appellant.
Frank L. Holt, for respondent.

BISCHOFF, J. This was an action brought to recover the sum of $1,035.15, the amount of a fund at one time deposited by Alida N. King with the Union Dime Savings Institution, and subsequently received by the defendant, the depositor's account being entitled "Alida N. King, in trust for Mary L. Haynes." The defendant is the personal representative of Mrs. King, the depositor, since deceased, and is sued individually by the executor of Mrs. Haynes, also deceased, the complaint proceeding upon allegations of deceit on the part of the defendant, whereby Mrs. Haynes was induced to indorse and transfer to him a check or draft for the fund, which was issued to her by the depositary institution, upon her demand, after Mrs. King's death. To support the allegations of misrepresentation upon the defendant's part, the plaintiff signally failed, the record being destitute of proof in that regard (Brackett v. Griswold, 112 N. Y. 454, 20 N. E. 376); and for such failure the complaint was dismissed. But it is now urged that the allegations of deceit were pleaded as matter of inducement only (Abb. Tr. Ev. 273), and that the cause of action was essentially one for money had and received by the defendant, which money, ex æquo et bono (Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3), he should pay to Mrs. Haynes, or her personal representative. It is further urged that, regarding the action as one upon contract, if proof of fraud was essential to the avoidance of a dismissal of the complaint under section 549, subd. 4, of the Code of Civil Procedure, such fraud could be taken as established, constructively, through the evidence given as to the fiduciary relation maintained by the defendant, as executor of the trustee of this fund, to Mrs. Haynes, the cestui que trust. The position assumed by the appellant is clearly untenable for the following reasons: (1) The fraud claimed to have been shown and relied on affords only ground for affirmative equitable relief, which the court below, for want of jurisdiction in that regard, could not extend. 10 Am. & Eng. Enc. Law, p. 70. (2) Where actual fraud is alleged, proof of constructive fraud merely is unavailing (Kerr, Fraud & M. [Bump's Notes] pp. 382, 383; Eyre v. Potter, 15 How. 42), the recovery in every instance being required to be secundum allegata et probata (Pom. Rem. & Rem. Rights [2d Ed.] § 553, etc.; Romeyn v. Sickles [N. Y. App.] 15 N. E. 698). (3) No fiduciary relation subsisted, with regard to the fund in dispute, between the plaintiff's testatrix and the defendant. The plaintiff's claim was, and the evidence given by him tended to support it, that the trust had expired with the death of Mrs. King, and that thereupon Mrs. Haynes, the cestui que trust, succeeded to the legal title to the fund. Cunningham v. Davenport, 147 N. Y.

43, 41 N. E. 412; Chapl. Exp. Trusts, 46.   Obviously, if it is con-
ceded that upon the death of Mrs. King the trust devolved upon
the defendant, as her executor, the plaintiff's testatrix was not en-
titled to receive the fund, and no promise upon the defendant's
part to pay it to her could be implied.   Having the legal title
thereto, no action at law was maintainable against the defendant
for the recovery of the fund.   Considering this appeal, however,
agreeably to the appellant's theory with regard to the cause of
action, and aside from the allegations of deceit, and the necessity
of proving them, the judgment of dismissal was proper.

It was conceded upon the trial that the fund was turned over to
the defendant upon his claim that it constituted a part of the as-
sets of Mrs. King's estate; and it appeared from unchallenged evi-
dence for the defendant that it was so accounted for and distrib-
uted by him among the beneficiaries named in the will of his tes-
tatrix, without notice of any claim to the fund on the part of Mrs.
Haynes, or of the plaintiff, her executor.   At most, therefore, it
was to be said that in the transfer and receipt of the fund Mrs.
Haynes and the defendant were mistaken in respect to the owner-
ship thereof; and while, ordinarily, where the mistake was one of
fact, a recovery is allowed upon the principle sought to be invoked
by the appellant, the case at bar presents a feature which pre-
cludes it.   Without proof to the contrary, it was to be assumed
that the defendant, in accounting for and distributing the fund as
stated, acted in good faith.   The loss should therefore not fall upon
him.   The parties being in pari causa, justice is in equilibrio.
Broom, Leg. Max. (8th Am. Ed.) 714; Massey v. Massey, 2 Hill, Eq.
492.   "If the plaintiff's recovery would lead to a loss on the part
of the defendant, then, the parties being equally innocent, that fact
of itself is sufficient reason for denying the right of recovery on the
plaintiff's part."   Keener, Quasi Cont. 91.   This defense was not
pleaded, yet it was litigated by consent.   Frear v. Sweet, 118 N.
Y. 454, 23 N. E. 910.   But it was conclusive from the testimony
of the plaintiff's witness Annie Rowland that at the time of the
transfer of the fund to the defendant as a part of the assets of Mrs.
King's estate, Mrs. Haynes was cognizant of all the constituent
facts of her right of ownership.   Mrs. Rowland was explicit in her
statement that at a conversation in her presence Mrs. King informed
Mrs. Haynes of the fact of the deposit, and said that she intended
the fund to belong to her upon the former's decease.   Cunningham
v. Davenport, supra.   The mistake, if any, was, therefore, not one
of fact, but of law, and, unaccompanied by fraud or duress, is ir-
remediable, the transfer being regarded as voluntary under the
circumstances.   Silliman v. Wing, 7 Hill, 159; Flynn v. Hurd, 118
N. Y. 19, 22 N. E. 1109; Vanderbeck v. City of Rochester, 122 N.
Y. 285, 25 N. E. 408.

An examination of the exceptions taken to rulings upon evidence
discloses nothing calling for discussion in support of the judgment,
except, perhaps, in one instance.   Plaintiff, called as a witness,
testified that prior to the day upon which the deposit was with-
drawn from the savings institution, and transferred to the defend-

ant, by Mrs. Haynes, his wife, he had had an interview with the defendant; and the following questions were asked him by his counsel:

"Q. What did Mr. McKee say to you about that thousand dollar deposit at that time? A. Well, he said he wanted to draw it out. He asked me if I would see my wife about it. I said I would. I said to him, when he said he wanted to draw that money from the bank, that I would see my wife. I did see my wife. Q. Give the conversation which you had with your wife on that subject after you had seen Mr. McKee. (The defendant's counsel objected. The objection was sustained, and due exception taken.)"

Without more particularity as to what the defendant had stated to the plaintiff for repetition to the plaintiff's wife, the conversation called for by this question was not shown to have been competent evidence as against the defendant. The plaintiff's statement to his wife that the defendant had made certain representations to him, unless founded upon proof that such was the fact, would have been no evidence to charge the defendant with having made them; and the question, therefore, sought to elicit testimony which, while thoroughly responsive to the inquiry in the manner framed, would have been incompetent, or, at least, might well have been so in part. Failing the proper foundation for the question, then, the plaintiff was not entitled to the admission of this conversation, and the exception does not present error.

The judgment should be affirmed, with costs. All concur.