(46 Misc. Rep. 136.)

## SINCLAIR v. HIGGINS.

### (Supreme Court, Trial Term, Kings County. January, 1905.)

**1. FRAUD—ACTIONS FOR CONSTRUCTIVE FRAUD—PROOF OF ACTUAL FRAUD.**

An action for constructive fraud, growing out of an undue advantage taken by defendant of his position as legal adviser.of plaintiff, cannot be sustained where the evidence fails to show the existence of such relation, and shows merely actual fraud.

**2. SAME—STATEMENTS CONSTITUTING FRAUD.**

One who invested money on the bare statement of another, with whom he was dealing at arm's length, that, if $10,000 were used to tie up and get control of some water company somewhere in a certain county, considerable money could be made out of it, and if the former would put that amount of money into the project, he should have $10,000 profits, cannot mantain an action for deceit on such indefinite statements.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Fraud, § 19.]

**3. SAME—RELIANCE ON RREPRESENTATIONS.**

In order to maintain an action for deceit, plaintiff must allege and prove that he believed the fraudulent representations and acted upon them.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Fraud, §§ 17–23.]

Action for deceit by James C. Sinclair against Cecil C. Higgins. The complaint was dismissed on plaintiff's evidence, and plaintiff moved on the minutes for a new trial. Denied.

I. R. Oeland, for plaintiff.

Frank E. Blackwell, for defendant.

GAYNOR, J. I do not see how the motion can be granted. The plaintiff failed at all points.

The complaint is that the defendant is an attorney and counsellor at law; that he was and had been for several months the plaintiff's legal adviser, and advised him about investing his money, and that while acting in that relation he "falsely and fraudulently represented to the plaintiff that he was interested in and about to acquire control of a large water company in the county of Westchester, in the city of New York, and in order to procure from plaintiff the sum of $10,000, falsely and fraudulently promised and agreed that upon the delivery of said sum of $10,000 by plaintiff to defendant, defendant would immediately invest the said $10,000 in said water company and obtain control thereof for the benefit and profit of the plaintiff"; that each of these representations was false and known by the defendant to be false; that plaintiff believed them to be true, and in reliance thereon paid the $10,000 to the defendant, who converted the same to his own use and did not invest the same in the said water company, and that there was no such company.

1—The plaintiff had to admit in the witness box that the allegation that the defendant was his legal adviser was a fabrication; in fact that he never met him until the day of the transaction sued on. If, therefore, the case rests upon that allegation, it would have to be dismissed for failure of proof on that head alone. An

action for a constructive fraud cannot be sustained by evidence
of an actual fraud.   Haynes v. McKee, 19 Misc. Rep. 511, 43 N. Y.
Supp. 1126;  Taylor v. Guest, 58 N. Y. 262.

2—The plaintiff's evidence of the false representations (and he
was the only witness on this head) fell far short of the complaint.
It was as follows:

"Well, they spoke about they had some water company that they wanted
somebody to put some money into, for the purpose of tying it up so they
could get control of it; somewhere in Westchester.  He said if I would put
$10,000 into this thing, they could tie it up and get control of it and make
considerable money out of it, and that they would give me a $10,000 profit
from the proceeds."

Thereupon, without a question, the plaintiff says he gave the de-
fendant $10,000 to so invest.  He did not ask for the name of the
water company, in what town, village or city it was located, how
much capital was invested in it, whether it was supplying water,
what its assets or revenues were, who were the officers of it, or
anything.   No reasonable being would invest money in that way
in a transaction in which he was dealing at arm's length (and that
was the plaintiff's case).   The representations must be "such as
to mislead a reasonably cautious or prudent man, in regard to the
existence of a fact forming the basis of or contributing an induce-
ment."   Bigelow on Fr. vol. 1, p. 467.   The plaintiff was given no
fact, except that his money was to be invested speculatively in
buying into some unnamed water company, in an effort to "tie it
up" and get control of it, and in the event of success the plaintiff
was to get $10,000 of the profits.   Instead, there might be no
profits, or his money might be lost.   The law will not predicate
fraud on such loose statements.   On the contrary, it says that no
one should rely upon the like, but should get such specific state-
ments as people ordinarily require.

3—By the plaintiff's own evidence it appeared that he did not
give the defendant the money to invest at all, but that he loaned it
to him.   He took back for it a promissory note by the defendant
for $20,000 payable in six months, made for form sake to a third
person as payee and endorsed to the plaintiff, and ten bonds of the
Tinten Manor Water Company, of the par value of $1,000 each, as
collateral security.   The note has been renewed several times, and
the plaintiff still holds the bonds.   The letters and papers show
that the note and bonds were taken for a loan of $10,000.   Against
this the plaintiff's mere word that nothing was said about a loan
cannot stand.

4—Moreover, the plaintiff did not testify that he believed the
representations and acted upon them.   That is an essential to be
pleaded and also proved.   It cannot be presumed.

The motion is denied.