In the Matter of the Estate of OBADIAH HARNED, Deceased.*

Surrogate's Court, Kings County, November 17, 1933.

*A. Lionel Levy,* for the petitioner.

*Moyles & Butler,* for the respondent.

*Frederick A. Keck,* referee.

*Jacob Landy,* for the respondent William H. Harned, as administrator of Frances Ireland, deceased.

WINGATE, S. The findings of fact of the learned referee are confirmed. The mistake upon which the decree of June 3, 1931, was predicated and as a result of which the payment by the respondent surety to the respondent William H. Harned, as administrator of the estate of Frances Ireland, deceased, was made, was clearly one of law. (*Matter of Welton,* 141 Misc. 674.) The referee has concluded that recovery by the respondent surety from the respondent administrator of the funds innocently received and substantially distributed by him should not be permitted, except only with respect to such balance thereof, if any, as may remain in his possession as administrator after payment to those distributees of Frances Ireland, deceased, who still remain unpaid, of their respective and true distributive shares in her estate, and after deduction of such commissions as may be due such respondent administrator for administering the assets of the estate.

* See, also, 138 Misc. 546; 140 id. 151.

With this result the court is in accord. Moreover, no recovery should be permitted with respect to such sums as may be required for the payment of necessary administration expenses or unpaid creditors of the estate of Frances Ireland, deceased.

As was pointed out by this court in *Matter of Welton* (141 Misc. 674, at p. 686), an action to recover money voluntarily paid under mistake is in essence an equitable one, the principle upon which recovery may be allowed being that, under such circumstances, one ought not in the usual case retain that for which he has given no consideration. Recurrent similarity of situation has given birth to precedent which, however, in view of the equitable nature of the action, permits of exception where equitable considerations so require.

The payment in the present case was under a decree of distribution, subsequently vacated upon discovery of additional distributees. Payment made under a judgment or decree of court may be voluntary or involuntary. Where payment is made under a judgment or decree which was valid at the time of such payment and receipt, and binding upon the parties, such payment is involuntary, and upon a subsequent reversal of such judgment or decree, the payment so made may be recovered. This is true even though payment was not under an actual levy upon execution issued. (*Lott* v. *Swezey*, 29 Barb. 87; *Scholey* v. *Halsey*, 72 N. Y. 578.) In *Lott* v. *Swezey* the court distinguished between a valid judgment subsequently reversed and one invalid for collateral reason. " I suppose that in both these cases [*Clark* v. *Pinney*, 6 Cow. 297, and *Sturgis* v. *Allis*, 10 Wend. 355], if the judgments had not been reversed, but the process had been illegal, or the *judgments invalid for any collateral reason*, the money might not have been recovered back, because it was a *voluntary* and not a strictly coerced payment in the eye of the law " (page 93 of the opinion therein by EMOTT, J.). The distinction thus drawn was referred to and approved by the language of the Court of Appeals in *Peyser* v. *Mayor* (70 N. Y. 497, at p. 501).

In *Lawyers' Surety Company of New York* v. *Reinach* (25 Misc. 150) distribution was made by an administratrix under a decree. Upon proof to the court of the existence of additional next of kin, entitled to distributive shares of the estate, the decree was vacated, and subsequently a decree of distribution was made, embodying appropriate provisions predicated upon the new facts found. Upon action brought, a recovery of the amount erroneously paid to the assignee of certain distributees was permitted, although there was evidence of *mala fides* on the part of the administratrix. The fiduciary character of the party making the payment and the

circumstance that the money paid did not belong to such party but constituted assets of the estate of which she was the administratrix were equities compelling to the court in arriving at its decision. A strict application of technical rule would have necessitated a contrary result, for, in view of the above decisions, the payment was voluntary. The administratrix in that case was in a less favorable position than one chargeable merely with mistake of law. In *Haynes* v. *McKee* (19 Misc. 511) the fiduciary was the payee. The court in emphasizing the equitable nature of the application for the recovery of the money paid to such fiduciary under mistake said (at p. 513): " It was conceded upon the trial that the fund was turned over to the defendant upon his claim that it constituted a part of the assets of Mrs. King's estate; and it appeared from unchallenged evidence for the defendant that it was so accounted for, and distributed by him, among the beneficiaries named in the will of his testatrix, without notice of any claim to the fund on the part of Mrs. Haynes, or of the plaintiff, her executor.

" At most, therefore, it was to be said that in the transfer and receipt of the fund Mrs. Haynes and the defendant were mistaken in respect to the ownership thereof, and while, ordinarily, where the mistake was one of fact, a recovery is allowed upon the principle sought to be invoked by the appellant, the case at bar presents a feature which precludes it. Without proof to the contrary, it was to be assumed that the defendant, in accounting for and distributing the fund, as stated, acted in good faith. The loss should, therefore, not fall upon him. The parties being *in pari causa*, justice is *in equilibrio*. Broom's Legal Maxims (8th Am. ed.), 714; *Massey* v. *Massey*, 2 Hill Ch. (South Car.) 492. ' If the plaintiff's recovery would lead to a loss on the part of the defendant, then, the parties being equally innocent, that fact of itself is sufficient reason for denying the right of recovery on the plaintiff's part.' Keener Quasi-Contracts, 91."

This is but a phase of the broader doctrine that equity will not require a repayment to which a party in the usual situation would be entitled, where by reason of the original payment, the circumstances of an innocent payee have been so altered that a judgment directing a return of the payment received would cause undue hardship. (*Ball* v. *Shepard*, 202 N. Y. 247; *Hathaway* v. *County of Delaware*, 185 id. 368; *Haviland* v. *Willets*, 141 id. 35.) While the mistakes in these cases were mistakes of fact, the basic equitable principles of this rule apply equally to payments made under mistake of law.

In the case at bar there is presented the rather unusual situation

of a voluntary payment under mistake of law made *to* a fiduciary and *on behalf* of a fiduciary. Whether repayment is to be decreed is dependent upon the relative equities of the respondent surety and the respondent administrator, William H. Harned.

Neither lack of diligence nor mistake can be imputed to the respondent administrator, who has received the payment in question as fiduciary and made substantial distribution to distributees apparently irresponsible financially. The mistake which brought about the present situation was that of the fiduciary, whose surety now seeks repayment. To require complete repayment would violate the fundamental equitable concepts above considered. He who is without fault must prevail over him whose mistake has occasioned such change of the former's circumstances that a direction for repayment would cause undue hardship and loss. To the extent that no such undue hardship would result from a requirement of repayment, such payment, however, ought to be allowed, and will be, as indicated *supra*. Where a mistake has occurred, the court is unable to perceive in what respect the position of the party guilty of the mistake is improved by the entry of a decree based upon that mistake, which decree, as here, is vulnerable to collateral attack. It would appear that the equities of the party involved would be the same both before and after the entry of such decree. The respondent surety is, of course, in no better position in the eyes of equity than his principals on behalf of whom the payment was made. The report of the referee is confirmed.

Proceed accordingly.